**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**CLASS ACTION COMPLAINT**

JOHN A. BURKS, Individually and on behalf                              PLAINTIFF
of All Others Similarly Situated

v.                              NO. 4:06-CV-00551 GTE

ARVEST BANK, AS SUCCESSOR TO
SUPERIOR FEDERAL BANK                                                  DEFENDANT

**ORDER**

Before the Court is Plaintiff's Motion for Voluntary Dismissal, to which Defendant objects. For the reasons stated below, the Court denies the requested voluntary dismissal.

**FACTUAL BACKGROUND**

On March 1, 2006, Plaintiff John Burks, individually and on behalf of a purported class, filed this action in state court (Saline County Circuit Court). On May 10, 2006, within thirty days of being served with the Complaint, Defendant Arvest Bank ("Arvest") removed the action to this federal court. For cause, Arvest asserted that Plaintiff's state law claims involving the allegation that Arvest had charged a usurious rate of interest were completely preempted by federal law, specifically, the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461 *et seq*.

On June 8, 2006, Plaintiff filed a Motion to Remand. On August 23, 2006, this Court denied Plaintiff's Motion to Remand based on its conclusion that Section 4(g)(1) of HOLA completely preempted Plaintiff's attempt to recover the usurious interest allegedly charged by Arvest. (Order, Docket No. 16, a p. 7).

On September 6, 2006, Arvest filed a Motion for Judgment on the Pleadings, or, in the

- 1 -

Alternative, for Summary Judgment. Plaintiff has not responded to that motion. Instead, on September 11, 2006, Plaintiff filed a Motion to Dismiss Without Prejudice.

**DISCUSSION**

Because Defendant has filed a Motion for Summary Judgment, the Plaintiff must obtain the Court's permission for the requested dismissal. Fed. R. Civ. P. 41(a)(2).

Despite the fact that Plaintiff's Complaint contains class allegations, no class has been certified and the Court therefore has no independent duty to approve any voluntary dismissal with the interests of the class in mind, as it would if a class had been certified. Fed. R. Civ. P. 23(e)(1).[1] Accordingly, the analysis of whether to grant the requested dismissal is governed solely by Fed. R. Civ. P. 41(a)(2).

"Motions to dismiss without prejudice are addressed to the sound discretion of the district courts." *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984). The following factors are relevant to the exercise of that discretion:

> "(1) the defendant's effort and expense in preparing for trial;
> (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action;
> (3) insufficient explanation of the need to take a dismissal; and
> (4) the fact that a motion for summary judgment has been filed by the defendant."

*Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998)(denying voluntary dismissal where motion for summary judgment pending).

---

[1] Prior to the 2003 amendments to Rule 23, some courts had concluded that courts were obligated to review and approve any voluntary dismissal of a class action, whether or not a class had been certified. The amendments to Rule 23 make clear that Rule 23(e)(1)'s requirement for court approval applies only if a class has been certified. See 2003 Advisory Committee Note to Rule 23(e).

Plaintiff offers no explanation for the requested dismissal.  That factor and the fact that a potentially dispositive motion is pending weigh in favor of denying Plaintiff's request, as does the fact that this Court has expended considerable resources in this case in ruling on Plaintiff's request to remand this action.  On the other hand, this matter has not been pending long and the Plaintiff has been diligent in pursuing this action.   The Court acknowledges that Plaintiff did not choose this federal forum, but found himself here even though he attempted to assert solely state law causes of action in a state law forum.

The Court concludes that it must do one of two things: (1) deny the requested dismissal and proceed to consider the pending Motion for Judgment on the Pleadings; or (2)  grant a voluntary dismissal, but impose conditions on the dismissal for the Defendant's protection.  It is difficult to protect Arvest's legitimate interest in avoiding duplicative litigation and in obtaining the benefit of the Court's favorable ruling on complete preemption in any subsequent litigation.  As Arvest points out, another class action could potentially be filed in the name of a different plaintiff.

**CONCLUSION**

After weighing the equities,

IT IS HEREBY ORDERED that Plaintiff John Burks' Motion for Voluntary Dismissal (Docket No. 23) be, and it is hereby, DENIED.[2]  Plaintiff is hereby directed to file a response to the pending Motion for Judgment on the Pleadings not later than November 3, 2006.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Affirmative Defenses (Docket No.6) be, and it is hereby, DENIED.

---

[2]  The parties remain free, if they can agree on the terms, to file a Stipulation of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1).

IT IS FURTHER ORDERED, on the Court's own motion, that the deadlines imposed in the previously entered Initial Scheduling Order are hereby suspended.  A new Scheduling Order will be entered, if appropriate, following the resolution of the pending potentially dispositive motion.

IT IS SO ORDERED this  24th  day of October, 2006.

 /s/ Garnett Thomas Eisele  
UNITED STATES DISTRICT JUDGE