**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

        **CLASS ACTION COMPLAINT**

**JOHN A. BURKS, Individually and on behalf**　　　　　　　　　　　　　**PLAINTIFF**
**of All Others Similarly Situated**

**v.**　　　　　　　　　　　**NO. 4:06-CV-00551 GTE**

**ARVEST BANK, AS SUCCESSOR TO**
**SUPERIOR FEDERAL BANK**　　　　　　　　　　　　　　　　**DEFENDANT**

**ORDER GRANTING JUDGMENT ON THE PLEADINGS**

Before the Court is Defendant's Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment. Plaintiff has responded to the motion and Defendant has submitted a reply brief in further support of its position. For the reasons stated below, the Court concludes that the Defendant is entitled to judgment as a matter of law on the Plaintiff's individual claim.

**OVERVIEW OF CLASS ACTION COMPLAINT**

Plaintiff, an account holder at Superior Federal Bank, F.S.B., ("SFB") contends SFB charged usurious fees by declining to return NSF checks. Plaintiff's theory is that because SFB charged more to pay an NSF check than to return it, that its routine practice of paying an NSF check instead of returning it, was, in actuality, a short term loan. Plaintiff alleges that the "difference between what Defendant charged to pay the NSF check and the amount Defendant charged to return the NSF check is interest." (Class Action Complaint at ¶¶ 5-7). The Complaint asserts causes of action for "disgorgement" (¶ 1 and ¶ 43) and other relief for "usurious interest" (¶ 1, ¶26, ¶ 37, and ¶ 43) related to a "short term loan" (¶ 6) with the alleged "difference between

- 1 -

what Defendant charged to pay the NSF check and the amount Defendant charged to return the NSF check" (¶ 7) constituting "the taking of more than legal interest" (¶ 7) "for a loan or forbearance of money." Only two state law causes of action are alleged: (1) breach of the covenant of good faith and fair dealing and bad faith; and (2) breach of contract.

## COMPLETE PREEMPTION

The Court previously held that all of Plaintiff's claims were completely preempted by federal law, or, more specifically, by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461 *et seq*. Based on that finding, the Court denied Plaintiff's motion to remand the case back to the state court from which it was removed. (Order of August 23, 2006, Doc. 16). The Court noted that all of Plaintiff's claims related to the recovery of usurious interest, whether characterized as state law claims, or not, were completely preempted by HOLA.

## DISCUSSION OF DEFENDANT'S MOTION

Defendant's motion is based on the contention that Plaintiff's usury related federal claim is barred by HOLA's two-year statute of limitations. Section 4(g)(1) of HOLA provides for the recovery of unlawful interest, provided that a civil action is commenced "not later than 2 years after the date of such payment [of unlawful interest]." In this case, the Plaintiff opened his account and began doing business with Superior Federal Bank ("SFB") in 1991. The account was closed with no further transactions on September 6, 2002. Additionally, SFB's non-sufficient funds program, about which Plaintiff complains, was never implemented by Arvest after the December 5, 2003 merger of SFB into Arvest.

Plaintiff filed his usury claim on May 10, 2006. Plaintiff's individual usury claim is clearly barred by Section 4(g)(2) of HOLA. Plaintiff does not dispute this fact, but instead contends that he should be permitted to pursue an equitable claim for disgorgement, which

should be considered to have a five year limitations as a claim for breach of a written contract and found to be timely filed.

For the reasons well stated in Defendant's brief in support of its motion and in its Reply brief, the Court agrees with Defendant that the Plaintiff has failed to articulate a theory to save his completely preempted state law claims or to show that his attempt to recover allegedly usurious interest is not time-barred.

The Court specifically finds that Plaintiff's reliance on 12 C.F.R. § 560.2, is misplaced. Since 12 C.F.R. § 560.2 expressly provides that certain state laws "are not preempted to the extent they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent" with the regulation, Plaintiff argues that his pursuit of an equitable claim for disgorgement is not completely preempted (or time-barred). Plaintiff's reliance on this provision is misplaced. His claim does not "incidentally affect" the lending operations of the Defendant. Rather, his claim goes to the heart of HOLA's intended complete occupation of all state laws "affecting the operations of federal savings associations." 12 C.F.R. § 560.2(a). The regulation in question specifically indicates the intent to completely preempt state laws imposing requirements regarding "the terms of credit, including . . . adjustments to the interest rate, balance, payments due" and "loan-related fees, including without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees." *Id.*, at § 560.2(b)(4) and (5).

Plaintiff's entire theory is premised on the assertion that "the practice of paying a check instead of returning a check was, in actuality, a short term loan" and that the Defendant used this practice to charge "more than legal interest." (Complaint at ¶¶ 6-7). As the Court noted in its previous Order, any claims for usurious interest are completely preempted. Additionally, HOLA grants to the Defendant the right under federal law to make decisions regarding loan-related fees

- 3 -

and the terms of credit free from interference from contrary state laws.  Accordingly, Plaintiff's entire claim is preempted by HOLA.   On the facts alleged, the Plaintiff may not avoid complete preemption by pursuing any state law theory.

Plaintiff has failed to show that his attempt to recover usurious interest is not barred by HOLA's applicable two-year statute of limitations.  His individual claims, must therefore, be dismissed.

No class has been certified.  Since the Court has dismissed the sole named Plaintiff's individual claims, the Court must dismiss the class allegations as well and no notice of this involuntary dismissal need be given to any alleged unnamed class members.  *Laventhall v. General Dynamics Corp.,* 91 F.R.D. 208, 210 (E.D.Mo.1981), *aff'd,* 704 F.2d 407 (8th Cir.), *cert. denied,* 464 U.S. 846, 104 S.Ct. 150, 78 L.Ed.2d 140 (1983);  *See also* Fed. R. Civ. P. 23(e).

## CONCLUSION

For the reasons herein stated,

IT IS THEREFORE ORDERED that Defendant's Motion for Judgment on the Pleadings, (docket entry # 19) be, and it is hereby, GRANTED.  Plaintiff's individual claim is hereby DISMISSED WITH PREJUDICE.   The remaining class action claims asserted in the Class Action Complaint are hereby dismissed WITHOUT PREJUDICE.

IT IS SO ORDERED this  6th  day of December, 2006.

    /s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE